## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| James L. Brown, | ) | |
| | ) | C.A. No. 0:05-cv-02387-MBS |
| Plaintiff, | ) | |
| | ) | **OPINION AND** |
| vs. | ) | **ORDER** |
| | ) | |
| Spring Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

     Plaintiff James L. Brown ("Plaintiff") filed the within action in the Court of Common Pleas, Chester County, South Carolina, against Defendant Spring Industries, Inc. ("Defendant"). Defendant removed the action on August 17, 2005. Plaintiff alleges that he received disparate treatment because of his national origin in violation of 42 U.S.C. § 2000e-2(a), and that he was subjected to retaliatory discharge in violation of 42 U.S.C. § 2000e-3(a).

     Defendant filed a motion for summary judgment on May 26, 2006. At that time, Plaintiff was represented by counsel. After Plaintiff advised the court of his desire to proceed *pro se*, the court relieved Plaintiff's counsel on November 3, 2006. By Order issued that same day, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. Plaintiff timely filed a response in opposition to Defendant's summary judgment motion on November 30, 2006.

     This matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling, as provided by 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C. On January 5, 2007, the Magistrate Judge filed a Report and Recommendation in which he recommended that summary judgment should be granted to Defendant on all of Plaintiff's claims. On January 18, 2007, Plaintiff

filed objections to the Report and Recommendation and a motion for entry of affidavits and exhibits in support of his objections. Defendant filed a response opposing Plaintiff's objections and Plaintiff's entry of additional affidavits and exhibits on February 5, 2007. Plaintiff filed a reply to Defendant's response on February 20, 2007. On February 27, 2007, the court indicated that it "will review all of Plaintiff's submissions and give them whatever weight deemed appropriate."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. Generally, a *de novo* review of the evidence is unnecessary when a party makes only general and conclusory objections to the Magistrate Judge's Report. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). However, the court is mindful that Plaintiff is a *pro se* litigant entitled to some deference. *Id*. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I.     **FACTS.**

The facts underlying Plaintiff's claims are set forth at length in the Magistrate Judge's Report and Recommendation and are incorporated herein by reference. In addition, the court has reviewed the affidavits and exhibits filed by Plaintiff from January 18, 2007 to February 20, 2007. Briefly, Plaintiff, an African-American, was employed by Defendant from September 1989 until April 20, 2005 at the Elliott Plant located in Fort Lawn, South Carolina. (Brown Dep. at 14, 136-37.) Among other things, Plaintiff alleges that Defendant gave Hispanic employees preferential treatment in their

2

job placements. (*Id.* at 200-01.) Plaintiff also contends that Hispanics were given preferential treatment in weaving training and that he was laid off and a less senior Hispanic employee filled his job. (*Id.* at 203-04, 210.) Plaintiff alleges that Defendant allowed Hispanic employees to "run jobs they were not qualified for." (*Id.* at 201.) He alleges that Defendant allowed Hispanics to get all the overtime. (*Id.*) In addition, Plaintiff alleges he was denied leave when his house burned down in 2001, and Hispanics were permitted to take leave. (*Id.* at 185-86.)

On October 21, 2004, Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission ("SCHAC"). (Brown Dep. Ex. 13.) The charge was amended on November 29, 2004. (Brown Dep. Ex. 14.) In his Charge, Plaintiff alleged race and national origin discrimination on the following grounds:

> I. (a) On or about May 1, 2004, I was not placed in training for the position of Loom Fixer. (b) On or about September 30, 2004, I was not placed in training for the position of Overhauler. (c) I found out on or about October 11, 2004, that I am not being paid the same wage rate as a similarly situated white employee. (d) I have been denied equal terms and conditions of employment (overtime and leave)[.]
>
> II. (a) [Defendant] did not give a reason for me not being placed in Loom Fixer training. (b) I was given no reason for my not being placed in training for the position of Overhauler. (c) I was told I had to be paid my regular job pay. (d) No reason was given.
>
> III. (a) On or [about] May 1, 2004, I was not placed in Loom Fixer training after having been promised that I would be. I had been taken out of training in 2003. A white employee, who transferred from another plant within the company was placed in training and I was made to perform his duties while he was in training. I have more years with the company than the white employee who was allowed to train. (b) A white employee was placed in training for the aforementioned position even though the position was not posted. When I inquired about training for the position, I was told that the position would have to be posted first. (c) On or about October 11, 2004, I went into training with a white employee who informed me that he was making $2.00 an hour more than I was. I have 15 years with [Defendant] and he has not plant time. I was told he did not own a job but he had other qualifications. I do no understand how he is paid more and we do the exact same work. Black

employees who came to work with this white employee were placed on the job without any training. (d) I have been denied the same terms and conditions of employment that Hispanic employees are afforded. They are given all the overtime they want to work, while other employess [*sic*] ask for it and are denied. When I needed to be off because of a fire in my house, I was told I could only be off if I went to the doctor. However, Hispanics have told me they do not have to do the same to be off, and they are even allowed personal leave to go home and visit for a month to six weeks at a time.

IV. I therefore believe that I have been discriminated against because of my race (black) and national origin (American), in violation of the South Carolina Human Affairs Law[,] as amended, and Title VII of the United States Civil Rights Act of 1964, as amended.

(Brown Dep. Ex. 14.) SCHAC investigated Plaintiff's allegations and determined that there was not

sufficient proof to support Plaintiff's contentions of unlawful discrimination. Plaintiff was issued

a Dismissal and Notice of Right to Sue on March 29, 2005. (Brown Dep. Ex. 16.)

On April 16, 2005, Defendant received a complaint from one of Plaintiff's a co-workers,

Linda Thompson, alleging that Plaintiff had physically assaulted her on company property. (Brown

Dep. at 134.) Plaintiff does not deny that a confrontation with Thompson occurred, although he

contends that Thompson kicked him, and he denies punching or threatening her. (*Id.* at 133-35, 143-

44.) On April 20, 2005, after an investigation, Defendant terminated Plaintiff for violating company

policy. (*See id.* at 145-46.)

On May 11, 2005, Plaintiff filed a second Charge of Discrimination with SCHAC, alleging

race and national origin discrimination and retaliation. Specifically, Plaintiff asserted:

I. (a) I was subjected to intimidation begining [*sic*] on March 7, 2005 and continuing until my discharge. (b) I received a disciplinary action on March 22, 2005. (c) I was denied a leave of absence on or about March 31, 2005. (d) I was suspended on April 18, 2005. (e) I was discharged on April 20, 2005.

II. [Defendant's] reasons for adverse action: (a & b) Disclosure of confidential information. (c) My doctor's note was not acceptable. (d) I was told I had to get a doctor's excuse first. (e) I was accused of assault.

III.  I am a black male and I worked for [Defendant] in the weave room.  I filed an earlier complaint of discrimination against [Defendant] . . . concerning my being denied training, equal wages, overtime and leave.  On March 7, 2005, I felt intimidated by the Human Resources Manager who told me to return documents that I had used as evidence in the investigation of my complaint.  I received a final written warning on March 22, 2005, but I had no write-ups before that.  I don't agree with the warning because I did nothing wrong.  I only submitted evidence to support my case.  I was denied a leave of absence due to my health.  However, a Hispanic employee told me he did not have to get a doctor's excuse to get a leave of absence.  After I was in a car accident, the doctor put me out of work for two days.  When it was extended to April 18, 2005, my supervisor refused to accept it, and I was suspended.  I was falsely accused of assault by a female co-worker and terminated.  However, she was an ex-girl friend who wanted to get back at me.  I believe that I was fired for no valid reason.  I believe management did so to retaliate against me for filing my earlier charge of discrimination.

IV.  I therefore believe that I have been discriminated against because of my race (black) and national origin (American/US), in violation of the South Carolina Human Affairs Law, as amended, and Title VII of the US Civil Rights Act of 1964, as amended, and retaliated against because of my opposition to employment acts made unlawful by the preceding laws.

(Brown Dep. Ex. 17.)

Plaintiff filed the within action on July 19, 2005 alleging that during the last few years of the time he was employed by Defendant, Defendant preferred Hispanics in hiring and employment decisions by promoting persons of national origin other than the United States.  (Compl. ¶¶ 7.)  In addition, Plaintiff alleges that Defendant preferred Hispanics by providing opportunities for training to persons of national origin other than the United States.  (*Id.* ¶ 8.)  Plaintiff alleges that he was terminated from his employment for complaining about the actions of Defendant to SCHAC.  (*Id.* ¶ 18.)

In his Report and Recommendation, the Magistrate Judge noted that a plain reading of the Charges demonstrates that Plaintiff claimed Hispanics "were given all the overtime they want to work" and that Hispanics were afforded personal and sick leave under terms and conditions that were

denied Plaintiff.  The Magistrate Judge further noted that Plaintiff's claims of training and promotion disparity were based on allegations of race discrimination.  Accordingly, the Magistrate Judge found that Plaintiff had failed to exhaust his administrative remedies with respect to his claims of national origin discrimination.

The Magistrate Judge further determined that, even if the Complaint were to be construed as encompassing Plaintiff's allegations of national origin discrimination with respect to overtime and leave, Plaintiff failed to present sufficient evidence to give rise to a genuine issue of material fact as to whether he was discriminated against on the basis of national origin.  The Magistrate Judge therefore recommended that Defendant's motion for summary judgment be granted and the case dismissed.

## II.     DISCUSSION.

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff failed to exhaust his claims of national origin discrimination in Defendant's hiring, training, and promotion decisions. (*See* Pl.'s Objections, 1-2.)  Plaintiff objects that his "charge did not in any way limit my claim to just overtime and leave." (Pl.'s Objections, 1.)  Plaintiff also contends that his "[c]laims relating to overtime and leave should not be dismiss [*sic*] because they are mention [*sic*] in second charge on May 11, 2005 as well as the initial charge." (*Id.*, 2.)  The court disagrees.

"[F]actual allegations made in formal litigation must correspond to those set forth in the administrative charge." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).  A plaintiff's claim is barred "if the administrative charge alleges one type of discrimination–such as discriminatory failure to promote–and the claim encompasses another type–such as discrimination in pay and benefits." *Id.*  Thus, Plaintiff's claim is barred if the discriminatory conduct alleged is

not in Plaintiff's administrative charge. *Id.* at 506.

The court's review of the record reveals that, as the Magistrate Judge found, Plaintiff's Charges allege the Defendant denied Plaintiff the same overtime and leave benefits as Hispanics. The Charges do not allege national origin discrimination based on hiring, training, or promoting. A reasonable investigation could not have uncovered the discriminatory conduct Plaintiff now sets forth in his Complaint. *Chacko*, 429 F.3d at 512. The court concludes that Plaintiff failed to administratively exhaust his claim that Defendant unlawfully favored Hispanics in hiring, training, and promoting. Plaintiff's objections are without merit.

Further, as the Magistrate Judge noted, Plaintiff's allegations regarding overtime or leave discrimination are not supported by sufficient evidence to survive summary judgment. The record demonstrates that Plaintiff worked more overtime hours than seven Hispanic employees. (*See* Brown Dep. at 180, 225; Mot. for Summ. J., Ex. B, 11.) Further, as the Magistrate Judge noted, Plaintiff presented no evidence, other than his unsubstantiated allegations, that his leave requests were treated differently from leave requests submitted to Defendant by Hispanics. Plaintiff's statements to the contrary, without any evidentiary support, cannot support an actionable claim for discrimination. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998).

Finally, Plaintiff objects to the Magistrate Judge's recommendation that Defendant be granted summary judgment on Plaintiff's retaliation claim. Plaintiff asserts that the allegations regarding the assault charge are not true and that his supervisor "did not have the authority to fire me." (Pl.'s Objections, 6-7.) As such, Plaintiff alleges that Defendant acted under pretext when firing Plaintiff. The court disagrees.

To show pretext, Plaintiff must demonstrate a material issue as to whether "a discriminatory

reason more likely motivated the employer" or "that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). During Plaintiff's deposition he agreed that Thompson's complaint of assault "was my cause of termination." (Brown Dep. at 137.) Plaintiff concedes that he has no evidence or information to show that Defendant had ever given any other reason for his termination, other than Thompson's complaint and concern for employee safety. (*Id.*) Further, Defendant's reason for Plaintiff's termination is credible as Defendant's rules and regulations warn employees that "[p]hysical assault on any person on Company property" can result in "immediate discharge." ((Brown Dep. Ex. 4.) On April 20, 2005, after Wilson's investigation of the incident, Wilson instructed Plaintiff of her decision to terminate Plaintiff for the assault of Thompson on company property. (Brown Dep. at 137.) Wilson's decision was approved by Defendant's Human Resources Director, and Wilson had authority to terminate Plaintiff. (Mot. for Summ. J., Ex. B, 10.) Thus, Plaintiff has been unable to provide evidence that the grounds given by Defendant for his termination were pretext and that his termination was actually a result of unlawful retaliation. More than Plaintiff's speculation is required to create a genuine issue of material fact. *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Plaintiff's objection is without merit.

## III.    CONCLUSION.

The court concurs in the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated in the Report and Recommendation and herein,

Defendant's motion for summary judgment (Entry 20) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 16, 2007